O’CONNELL, Justice.
Dyalwood, Inc., the petitioner, seeks review of an order of the Florida Industrial Commission affirming an order of a deputy commissioner requiring it to pay benefits to the respondent-claimant, L. R. Thomas.
Dyalwood is a broker furnishing pulpwood to a paper company. Dyalwood obtains most of its wood from regular producers ; the remainder is obtained through purchase on the open market from sellers who respond to advertisements by Dyal-wood that it will buy wood at a set price on delivery.
Claimant sporadically sold wood to Dyal-wood, not as a regular producer but as a seller on the open market.
In November 1957, after being laid off as a construction worker he began to sell wood on the open market to Dyalwood. Between November 1957 and August 1, 1958 claimant sold some 30 loads of wood to Dyalwood.
On August 1, 1958 while cutting a load of wood, which was thereafter sold to Dyalwood, claimant was injured. It is not disputed that the injury is compensable if the claimant was in fact covered by the provisions of the act.
When claimant sold the first load of wood to Dyalwood in November 1957, he noticed that a deduction for insurance was made from the amount due him for the load. He testified that he went to see a Mr. Long and that Mr. Long told him that the deduction was for insurance to cover him, i. e. the claimant, for anything that happened “in the woods” in producing the wood — he was eligible “for whatever protection the insurance company carried.”
Mr. M. S. Long, Ass’t Secretary and Ass’t Treasurer of Dyalwood, testified that he had on the occasion above mentioned told claimant that “ * * * if he was hurt in any way connected with the production of that particular load of wood he had workmen’s compensation insurance.” Mr. Long explained in effect that Dyalwood deducted 18%) cents per cord from the sums due claimant and that such deduction was paid to a self-insurers’ fund. It is clear from Mr. Long’s testimony that he told claimant, and that he understood, that these deductions were for contributions to the self-insurers’ fund and that in return the claimant was entitled to workmen’s compensation benefits on any injury occasioned to claimant in the production of each load of wood sold to Dyalwood and on which sale the deduction was made. Dyal-wood made such a deduction from each load of wood purchased from claimant including the one being produced when claimant was injured.
The deputy found that Dyalwood had entered into a contract to furnish claimant the benefits of the Workmen’s Compensation Act, although claimant was not an em *316 ployee of Dyalwood. He ordered payment of benefits.
We think the evidence clearly sustains this finding and therefore affirm that portion of the deputy’s order as affirmed by the full commission.
In his order the deputy found that from November 1957 to the time of his injury “according to Dyalwood’s F.I.C., his average weekly wage was $90.00.”
Dyalwood contends that there is no competent substantial evidence to support the finding that claimant’s average weekly wage was $90 and we agree.
The only evidence before the deputy as to the weekly wage of claimant were two forms required by the Workmen’s Compensation Act to be filed by an employer. In each the weekly wage of the claimant was stated to be $90, which figure was supplied by the claimant. These forms were admitted in evidence by the deputy with the statement that they were being admitted “not as evidence of the contents and they will not be deemed evidence of any of the statements contained in the wage statements.” In this statement the deputy complied with the provisions of § 440.36(3), F.S.A.
It is obvious, therefore, that the contents of these forms, i. e. “Standard Form For Statement of Employees Weekly Earnings” and “Standard Form For Notice To The Commission That The Payment of Compensation Has Begun Or Has Been Suspended” cannot be relied upon as the requisite competent substantial evidence.
The only other evidence which bears upon claimant’s wages is that evidence which shows that he sold 30 loads of wood to Dyalwood between November 1957 and August 1958, a period of some 8 or 9 months. According to claimant’s testimony he cleared less than $20 per load, which would indicate total earnings of something less than $600 in that period. Therefore, if claimant had weekly average earnings of $90 they came from a source other than sales of wood to Dyalwood, and the record is bare of any evidence thereof.
It will be necessary that the claimant prove the essential element of his average weekly earnings before any award of compensation for his injury can be determined and sustained.
Accordingly, the petition for writ of certiorari is denied in part and granted in part. This cause is remanded to the full commission with direction to quash that part of its order affirming the order of the deputy which found the average weekly wage of the claimant to be $90 and to remand this cause to the deputy for the taking of testimony and the receiving of evidence as to the average weekly wage of the claimant and for further proceedings consistent with this opinion.
It is so ordered.
THOMAS, C. J., and TERRELL, ROBERTS and THORNAL, JJ., concur.